UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT a/s/o Vanbro Corporation and
Other Interested Insurers under the Policy of
Insurance,

            Plaintiff,

-against-

LIEBHERR CRANES, INC. and
LIEBHERR NENZING CRANE CO.,

            Defendants.
------------------------------------------------------------x

**NOTICE FOR REMOVAL**

Index No.: 08-108739



    Defendant, Liebherr Cranes, Inc., d/b/a Liebherr Nenzing Cranes Co. (collectively "Liebherr"), through their attorneys, Landman Corsi Ballaine & Ford, PC, respectfully state upon information and belief:

    1.    On July 1, 2008, Liebherr received the Summons, and Complaint and Jury Demand, in this action, which is currently pending in the Supreme Court of the State of New York, County of New York. Copies of the Summons, and Complaint, are attached hereto as Exhibit "A" and constitute the prior pleadings to date.

    2.    The Complaint and Jury Demand alleges that on December 6, 2006 a crane manufactured and sold by Liebherr was damaged by fire while in the course of normal user operation at 1900 South Avenue, Staten Island, New York 10314. Plaintiff, Travelers Indemnity Company of Connecticut paid the owner of the crane, Vanbro Corporation, for the fire loss. Travelers now seeks to enforce its contractual right of subrogation and has alleged that Liebherr was negligent in the manufacture and design of the crane; that Liebherr failed to warn; that Liebherr is strictly liable to Travelers and that Liebherr violated certain warranties. Travelers seeks in excess of $500,000 in damages.

466083 docs.ny

3.  Upon information and belief, Plaintiff is a corporation incorporated under the laws of Connecticut, with its principal place of business in Hartford, Connecticut. Liebherr Cranes, Inc., a Virginia corporation, is not a resident of New York and which has its principal place of business in a state other than New York. Liebherr Nenzing Crane Co. is not a corporation, has never been a resident of New York nor had its principal place of business in New York.

WHEREFORE, Defendant prays that the action now pending against it in the Supreme Court of the State of New York in and for the County of New York be removed therefrom to this Court.

Dated: New York, New York
       July 31, 2008

LANDMAN CORSI BALLAINE & FORD P.C.

By: _____
    Ronald E. Joseph (RJ9302)
    Attorneys for Defendant
    Liebherr Cranes, Inc., d/b/a Liebherr
    Nenzing Crane Co.
    120 Broadway, 27th Floor
    New York, New York 10271-0079
    (212) 238-4800

To: Of Counsel:
    David C. Bowen (VBN 26771)
    Willcox & Savage P.C.
    One Commercial Place, Suite 1800
    Norfolk, Virginia 23510
    757-628-5500

466083 docs.ny

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X
TRAVELERS INDEMINITY COMPANY OF
CONNECTICUT a/s/o Vanbro Corporation and Other
Interested Insurers under the Policy of Insurance

Index No.: 08-108739

Filed 6/24/08

**SUMMONS**

Plaintiff,

Plaintiff designates
New York County as the
place of trial

Basis of Venue is:
Loss Location

-against-

LEIBHERR CRANES, INC., LIEBHERR NENZING
CRANE CO.

Defendants.
---------------------------------------------------------------X

To the above-named Defendant(s):

YOU ARE HEREBY SUMMONED to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Melville, New York
       June 11, 2008

Respectfully submitted,

SHEPS LAW GROUP P.C.
BY: ROBERT C. SHEPS
Attorney for Plaintiff
35 Pinelawn Road, Suite 106E
Melville, New York 11747
(631) 249-5600
Our File No.: 7056

[Stamp: NOT COMPARED WITH COPY FILE / JUN 24 2008 / COUNTY CLERK'S OFFICE NEW YORK]

2

1051139

TO:

LIEBHERR NENZINE CRANE CO.
4100 Chestnut Avenue
Newport News, VA 23607

LIEBHERR CRANES, INC.
4100 Chestnut Avenue
Newport News, VA 23607

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------X
TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT a/s/o Vanbro Corporation and Other
Interested Insurers under the Policy of Insurance

Plaintiff,

-against-

LEIBHER CRANES, INC. and LIEBHERR NENZING
CRANE CO.

Defendants.
---------------------------------------X

Index No.: 08-108739

Filed 6/24/08

**COMPLAINT**

Plaintiff, Travelers Indemnity Company of Connecticut a/s/o Vanbro Corporation and other interested insurers under the same policy of insurance, by and through its attorneys, SHEPS LAW GROUP, P.C. complaining of the defendants, alleges upon information and belief that at all times hereinafter mentioned:

**Nature of this Action**

1. The above referenced action has been filed on behalf of TRAVELERS INDEMNITY COMPANY OF CONNECTICUT (hereinafter "Travelers") as the first party property insurance carrier and subrogee of Vanbro Corporation (hereinafter "the insured").

2. Pursuant to the policy and relevant law, Travelers paid for the damages incurred by the insured in excess of Five Hundred Thousand Dollars ($500,000.00) and possibly anticipates paying in excess of One Million Dollars ($1,000,000) in total in connection with an incident arising from a defective 2005 Liebherr Crawler crane, that became engulfed by fire while

in the course of normal user operations at 1900 South Avenue, State Island, New York 10314 (hereinafter "the loss").

3. At all relevant times herein, Travelers was a corporation organized under the State of Connecticut with its principle place of business at One Tower Square, Hartford, CT and was at all times hereinafter an insurance carrier, licensed to issue policies of insurance in the State of New York.

4. Travelers paid the insured under the policy of insurance creating under both law and equity a right of subrogation against any and all third parties responsible for the loss.

## The Parties

5. Travelers was the first-party property insurer of Vanbro Corporation and other interested insurers under policy number YE630-319X3695, and at all times hereinafter provided coverage to its insured for commercial property and contents, and loss of use.

6. Plaintiff's insured, and subrogor, Vanbro Corporation (hereinafter "Vanbro") was and still is a corporation duly organized and existing under the law of the State of New York with its principal place of business located at 1900 South Avenue, Staten Island, New York 10314.

7. Upon information and belief, at all relevant times herein, defendant Liebherr Cranes, Inc. (hereinafter "Liebherr"), was and still is a foreign business corporation with its principal place of business located at 4100 Chestnut Avenue, Newport News, Virginia 23607 and is engaged in the

5

business of manufacturing selling and servicing various cranes, excavators, dozers, loaders, pipe layers and concrete truck mixers.

8. Upon information and belief, defendant Liebherr manufactured and sold the subject 2005 Liebherr Crawler Crane (hereinafter "crane"), Model Number HS885HO, Serial number 187328, to plaintiff's insured.

9. Upon information and belief, at all relevant times herein, defendant Liebherr Nenzing, Inc. (hereinafter "Liebherr"), was and still is a foreign professional corporation with its principal place of business located at 4100 Chestnut Avenue, Newport News, Virginia 23607 and is engaged in the business of manufacturing selling and servicing various cranes, excavators, dozers, loaders, pipe layers and concrete truck mixers.

10. Upon information and belief, defendant Liebherr manufactured and sold the 2005 Liebherr Nenzing Crane (hereinafter "crane"), Model Number HS885HO, Serial number 187328, in question to plaintiff's insured.

### The Loss

11. At all times hereinafter relevant, plaintiff's insured owned the crane and business located at 1900 South Avenue, Staten Island, New York 10314.

12. Upon information and belief, the defendants manufactured, sold, serviced, repaired and supplied the subject crane in question operating at plaintiff's insured's premises at the time of the loss.

6

13. On December 6, 2006, the crane malfunctioned and became engulfed with fire while operating at plaintiff's insured's premises.

14. The defendants' activities created a condition that caused the damage sustained at the plaintiff's insured's premises, and to their business as well.

### AS AND FOR A FIRST CAUSE OF ACTION AS TO DEFENDANTS
### -NEGLIGENCE-

15. Plaintiff fully incorporates by reference the averments contained in paragraphs 1 through 14 inclusive.

16. The occurrence referred to in paragraph 13 and the consequent damage to the plaintiff's insured's property and business was proximately caused by the negligence, negligent per se, gross negligence, carelessness and negligent omissions of the defendants, its agents, servants, workmen and/or employees in:

    (a) Supplying an unreasonably dangerous and defectively manufactured and/or designed product which it knew or should have known subjected Plaintiff's insured to an unreasonable risk of harm;

    (b) Failing to adequately, properly and safely design, assemble, inspect and test the product and/or its internal components;

7

(c) Selling the aforementioned product and internal components in a defective condition unreasonably dangerous to Plaintiff's insureds and their property;

(d) Failing and omitting to do and perform those things necessary to avoid an unreasonable risk of harm to Plaintiff's insured and its property and to render the operation of the aforementioned device safe and proper;

(e) Failing to warn customers, including Plaintiff's insureds, about the substantial risk of fire by the normal and intended use of the product;

(f) Failing to provide adequate instruction and/or warning with respect to the proper operation, maintenance, and care of the product;

(g) Failing to adequately and properly install, and safely service, the product;

(h) Failing to employ technicians possessing the requisite skills necessary to adequately properly install, and safely service, the product; and/or failing to ensure that their servicing technicians' work satisfies the industry standard of due care; and

(i) Otherwise failing to use due care under the circumstances.

17. As a direct and proximate cause of the aforesaid negligence per se, negligence, carelessness, recklessness, gross negligence and negligent acts and omissions of the defendants and their representatives, agents, servants and/or employees, the fire referred to in paragraph 13 took place resulting in damage and destruction to the insured's property and business loss to the plaintiff insured's business in the amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) which sum was reimbursed by plaintiff. Plaintiff anticipates making additional payments to its word as a result of this incident.

### AS AND FOR A SECOND CAUSE OF ACTION AS TO DEFENDANTS -STRICT PRODUCT LIABILITY-

18. Plaintiff repeats and re-alleges the allegations contained in paragraph 1 through 13.

19. The incident referred to in paragraph 13 above and the consequent damage and destruction to the Plaintiff's insured's property were caused by the defective and unreasonably dangerous condition of the product which was designed, manufactured and sold by defendant and for which defendant is strictly liable under the laws of the State of New York for the following reasons:

    (a) Defendant's product was defectively manufactured, designed and/or sold because its normal and intended use posed an unreasonable risk of harm to Plaintiff and its property;

9

(b) The product was not accompanied by adequate instructions and/or warnings directed to the product user which would have minimized or eliminated the substantial risks of damage associated with the products' use; and

(c) The normal, foreseeable and/or intended use of the defendant's product as designed and manufactured, posed a substantial risk of damage that was not reasonably contemplated by Plaintiff's insured.

20. As a proximate and direct result of the aforesaid acts, the incident referred to in paragraph 13 took place and resulted in damage and destruction to Plaintiff's property and contents, the fair and reasonable cost of which exceeded FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).

WHEREFORE, plaintiff demands judgment in their favor and against the defendants in the amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) together with interest, costs and attorney's fees

### AS AND FOR A THIRD CAUSE OF ACTION AS TO DEFENDANT GE -BREACH OF WARRANTY-

21. Plaintiff repeats and re-alleges the allegations contained in paragraph 1 through 20.

22. In selling, distributing and/or supplying the subject crane, defendant warranted that it was of good and merchantable quality and fit for ordinary, intended and foreseeable use.

23. As a direct and proximate result of the defendant's breach of the aforesaid

10

warranties, the above-referenced damage occurred and Plaintiff's insured suffered substantial damage and destruction to their real and personal property and other economic and consequential damages.

24. As a proximate and direct result of the aforesaid acts, the damage referred to in paragraph 13 took place and resulted in damage and destruction to Plaintiff's property and contents, the fair and reasonable cost in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).

**WHEREFORE**, plaintiff demands judgment jointly and severally, against defendants, in an amount in excess of Five Hundred Thousand Dollars ($500,000.00) of together with interest and the cost of this action.

Dated: Melville, New York
June 11, 2008

Respectfully Submitted,

SHEPS LAW GROUP, P.C.
BY: ROBERT C. SHEPS
Attorney for Plaintiff
35 Pinelawn Road
Suite 106 East
Melville, New York 11747
(631)249-5600
Our File No.: 7056

TO:

LIEBHERR NENZINE CRANE CO.
10050 NW 116th Way Suite G
Medley, Fl 33178

LIEBHERR CRANES, INC.
Po Drawer O 4100 Chestnut Avenue
Newport News, VA 23607

11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

TRAVELERS INDEMINITY COMPANY OF
CONNECICUT a/s/o Vanbro Corporation and Other
Interested Insurers under the Policy of Insurance

       Plaintiff,

   -against-

LEIBHERR CRANES, INC., LIEBHERR NENZING
CRANE CO.

       Defendants.

## SUMMONS AND COMPLAINT

**SHEPS LAW GROUP, P.C.**
*Attorneys for Petitioner*
35 Pinelawn Road
Suite 106 East
MELVILLE, NEW YORK 11747
(631) 249-5600

To: ***
Attorney(s) for ***

Service of a copy of the within ***    is hereby admitted.
Dated: ***

                 ...........................
                 *Attorney(s) for ****

*PLEASE TAKE NOTICE*

☐  *that the within is a (certified) true copy of a ****
  *entered in the office of the clerk of the within named Court on ****

**NOTICE OF ENTRY**

☐  *that an Order of which the within is a true copy will be presented for settlement to the Hon. ****
☐  *one of the judges of the within named Court, at ***, on ***, at **** .

**NOTICE OF SETTLEMENT**

*Dated:* ***

**INDEX NUMBER FEE**
**$210.00**

08108739

DO NOT DETACH

Title of Action or Proceeding to be TYPED or PRINTED by applicant
SUPREME COURT, NEW YORK COUNTY

Travelers v. Leibherr Cranes

**COMPLETE THIS STUB**

Endorse This INDEX NUMBER ON All Papers and advise your adversary of the number assigned. Sec. 202.5, Uniform Rules Of Trial Courts

```
          RECEIPT
    NEW YORK COUNTY CLERK
       60 CENTRE STREET
      NEW YORK, NY 10007
             R141

DEPARTMENT              AMOUNT

 1 GEN                  165.00
 7 SURCHARGE             45.00

TOTAL                   210.00
CHECK                   210.00

CONS  CASHIER    DATE      TIME     TERM
-19515  1235    08 JUN 24  3:30 PM   41-
```

15