UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT a/s/o Vanbro Corporation and
Other Interested Insurers under the Policy of
Insurance,

                                     **ANSWER**

                 Plaintiff,

    -against-                         08 Civ. 6872

LIEBHERR CRANES, INC. and
LIEBHERR NENZING CRANE CO.,

               Defendants.

----------------------------------------------------------x

       Liebherr Cranes, Inc., d/b/a Liebherr Nenzing Crane Co., hereinafter "Liebherr," through their attorneys, Landman Corsi Ballaine & Ford P.C., respectfully submits this Answer in response to Plaintiff's Complaint, and state as follows with respect to each paragraph of Plaintiff's Complaint:

       1.      Liebherr is without sufficient information to either admit or deny the allegations contained in Paragraph 1 of the Complaint and, therefore, denies same and calls for strict proof thereof.

       2.      Liebherr denies that the Liebherr crawler crane at issue was in any way defective. Liebherr, denies all other allegations contained in Paragraph 2.

       3.      Admitted.

       4.      Liebherr is without sufficient information to either admit or deny the allegations contained in Paragraph 4 of the Complaint and, therefore, denies same and calls for strict proof thereof.

5.      Liebherr is without sufficient information to either admit or deny the allegations contained in Paragraph 5 of the Complaint and, therefore, denies same and calls for strict proof thereof.

6.      Liebherr is without sufficient information to either admit or deny the allegations contained in Paragraph 6 of the Complaint and, therefore, denies same and calls for strict proof thereof.

7.      Liebherr admits only that Liebherr Cranes, Inc. is a Virginia corporation that sells and services certain cranes.  Liebherr denies the remaining allegations in Paragraph 7 of the Complaint.

8.      Liebherr is without sufficient information to either admit or deny the allegations contained in Paragraph 8 of the Complaint, and therefore, denies same and calls for strict proof thereof.

9.      Defendant, Liebherr, denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     Liebherr is without sufficient information to either admit or deny the allegations contained in Paragraph 10 of the Complaint, and therefore, denies same and calls for strict proof thereof.

11.     Liebherr is without sufficient information to admit or deny the allegations contained in Paragraph 11 and, therefore, denies same and requests strict proof thereof.

2

12.    Liebherr admits only that it sold the subject crane.  As to the remaining allegations contained in Paragraph 12, Liebherr has insufficient information to either admit or deny these allegations, and therefore denies same and calls for strict proof thereof.

13.    Liebherr is without sufficient information to admit or deny the allegations in paragraph 13 that on December 6, 2006, the crane in question became engulfed by fire.  Liebherr specifically denies that the crane "malfunctioned," that it was defective in any way and all other allegations in paragraph 13.

14.    Liebherr denies the allegations contained in Paragraph 14.

15.    Liebherr fully incorporates by reference its responses to Paragraphs 1 through 14 of Plaintiff's Complaint.

16.    Liebherr denies the allegations contained in Paragraph 16 of the Complaint and denies each of the subparagraphs in Paragraph 16(a) through (i).

17.    Liebherr denies the allegations contained in Paragraph 17.

18.    Liebherr fully incorporates by reference its responses to Paragraphs 1 through 14 of Plaintiff's Complaint.

19.    Liebherr denies the allegations contained in Paragraph 19 of the Complaint and denies each of the subparagraphs in Paragraph 19(a) through (c).

20.    Liebherr denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.    Liebherr incorporates by reference its responses to the allegations contained in Paragraphs 1 through 20 of Plaintiff's Complaint.

22.    Is without sufficient information to either deny or admit the allegations in paragraph 22 and refers all matters of law to the Court.

23.    Liebherr denies the allegations contained in Paragraph 23 and, more specifically, denies that Plaintiff is entitled to any economic or consequential damages.

24.    Liebherr denies the allegations contained in Paragraph 24.

25.    Liebherr denies that it is indebted to Plaintiff for any reason and in any amount.

26.    Liebherr denies all allegations of breach of contract, breach of express or implied warranties, proximate causation and damages.

27.    Liebherr asserts that any allegation it has not expressly admitted is hereby denied.

### FIRST AFFIRMATIVE DEFENSE

28.    Plaintiff's claims are barred by the applicable statute of limitations and/or by other legal or contractual time limitations including laches.

### SECOND AFFIRMATIVE DEFENSE

29.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

30.    Plaintiff failed to give timely notice of the alleged breach of warranty.

4

## FOURTH AFFIRMATIVE DEFENSE

31.    Plaintiff misused the crane in question, which misuse was a proximate cause of the damages of which Plaintiff complains.

## FIFTH AFFIRMATIVE DEFENSE

32.    Any alleged defect was, or should have been, open and obvious to Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

33.    Plaintiff was a sophisticated user of the crane in question and any defect or failure which Plaintiff alleges caused the damages in question could have and should have been prevented or remedied by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

34.    Plaintiff assumed the risk of fire damage to the crane in question by failing to avoid the fire in question and by failing to maintain the crane in question in such a condition as to prevent the fire or reduce the extent of fire damage.

## EIGHTH AFFIRMATIVE DEFENSE

35.    Plaintiff's claims are barred by the applicable statute of repose and/or other applicable legal or contractual time limitations.

## NINTH AFFIRMATIVE DEFENSE

36.    Plaintiff's alleged damages, if any, were caused by the actions of others over whom Liebherr had no control.

466080 docs.ny

## TENTH AFFIRMATIVE DEFENSE

37.    Plaintiff's alleged damages, if any, were caused by the superseding and intervening acts and omissions of others over whom Liebherr had no control.

## ELEVENTH AFFIRMATIVE DEFENSE

38.    Liebherr reserves the right to raise any additional affirmative defenses which may arise during discovery or at the trial of this matter, and, therefore, reserves the right to amend its Answer if necessary.

## TWELFTH AFFIRMATIVE DEFENSE

39.    Plaintiff and/or its insured misused, abused and failed to properly service and maintain the crane in question which was the proximate cause of the fire in question.

## THIRTEENTH AFFIRMATIVE DEFENSE

40.    Plaintiff and/or its insured or other third parties modified and altered the crane in question not in accordance with Liebherr's specifications and without Liebherr's permission which modifications were the proximate cause of the fire in question.

## FOURTEENTH AFFIRMATIVE DEFENSE

41.    Plaintiff and its insured's claims are barred by the Doctrine of Laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

42.    The Plaintiff or its insured's claims are barred by the Doctrine of Accord and Satisfaction.

6

**WHEREFORE**, defendant Liebherr demands judgment dismissing the Complaint herein, together with his costs, and disbursement, and such other and further relief as this Court deems appropriate.

Dated:  New York, New York
        July 31, 2008

LANDMAN CORSI BALLAINE & FORD P.C.

By:  _____

Ronald E. Joseph (RJ9302)
Attorneys for Defendant
Liebherr Cranes, Inc., d/b/a Liebherr
Nenzing  Crane Co.
120 Broadway, 27th Floor
New York, New York 10271-0079
(212) 238-4800

To:    Of Counsel:
       David C. Bowen (VBN 26771)
       Willcox & Savage P.C.
       One Commercial Place, Suite 1800
       Norfolk, Virginia  23510
       757-628-5500

       SHEPS LAW GROUP, P.C.
       By:  Robert C. Shepps
       Attorney for Plaintiff
       35 Pinelawn Road
       Suite 106 East
       Melville, New York  11747
       (631) 249-5600

7

### AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK     )
                             ) ss.:
COUNTY OF NEW YORK   )

      **Jelena Brigida**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at BROOKLYN, NEW YORK.

      That on the 1st day of August, 2008, deponent served the within **ANSWER** upon

                     Of Counsel:
                     David C. Bowen (VBN 26771)
                     Willcox & Savage, P.C.
                     One commercial Place, Suite 1800
                     Norfolk, Virginia 23510
                     (757) 628-5500

                     SHEPS LAW GROUP, P.C.
                     By: Robert C. Shepps
                     Attorney for Plaintiff
                     35 Pinelawn Road
                     Suite 106 East
                     Melville, New York 11747
                     (631) 249-5600

attorneys in this s action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

                                       _____
                                            Jelena Brigida

Sworn to before me this
1st day of August, 2008

_____
     Notary

LAURIE EGAN
Notary Public, State of New York
No. 01EG5062768
Qualified in Orange County
Commission Expires Aug. 7, 2010